v. United States Department of Transportation, Mr. Scherr for the petitioner, Mr. Brewer for the respondent, Mr. Zborski for the intervener. Good morning, counsel. Mr. Scherr, please proceed when you're ready. Thank you, Your Honor. Good morning, and may it please the Court. Aaron Scherr on behalf of Petitioner Frontier Airlines, under the plain language of the statute and regulations which no party claims is ambiguous, Frontier is eligible for the slot exemptions made available to limited incumbents in FAA 2024 and Alaska is not. Frontier qualifies as a limited incumbent for two main reasons. The first is that it holds or operates fewer than 40 slots. That is the definition of a limited incumbent. But you have Congress distinguishing with three categories, zero slots, those between one to 39, and then 40 or more. I would agree that Congress distinguished between three categories. I wouldn't agree that they distinguish it exactly that way. I think what Congress did is it has a new entrant, limited incumbent, and then non-limited incumbent. What Congress did is in only the limited incumbent definition did it exclude slot exemptions from the term slot. Under the negative implication doctrine, we know that the adjacent definition of new entrant, it did not mean to exclude slot exemptions from the term slot. And what that does actually is it accomplishes three really important and logical policy goals here. The first is that it aligns carriers in the categories that make sense. Our reading, which is just as I explained, says that a carrier who is not new to an airport, who has already entered an airport, or in Frontier's case has been there nonstop for 25 years, could in no way be a new entrant at the airport. Rather, it's a carrier who has been engaged in air transportation at that airport, which is how DOT has defined incumbent. It has been there in a limited capacity for 25 years, and it is therefore a limited incumbent. This case involves just trying to diagram Alderman diagrams and how they interrelate. I don't think I'm – this is, I think, meant to be not a hostile question. I don't think I follow why you expend as much energy as you do trying to make the point you just did, which is that Frontier is not a new entrant. I take it that's the point you're making, and you're saying if you look at the new entrant definition under the statute, it says it does not hold a slot, but by negative implication, it's okay to say that it does not hold a slot, or a slot exemption is the way we should read that, because slot exemption is actually singled out for specific treatment under limited incumbent. You don't have to give it the same treatment for new entrants. I guess, suppose I disagree with you on that, and suppose – I know you'll resist that – but suppose I'm more persuaded that slot just means slot, and Congress made pretty clear that where it wants slot exemptions to be slots, it says so, but otherwise, littered throughout the code and the regulations is a distinction between the two, and so the new entrant carrier literally means if you don't hold a slot, you're a new entrant. Right. Then I'm not quite sure I follow why that matters for your purposes, because even if you are a new entrant, you can still be a limited incumbent, as I understand it, because that's just what the statute says. It says that new entrants – not only can you, but the statute prescribes that every limited incumbent is a new entrant, so I'm not understanding why you – and you can explain to me why you care as much as you do, but I don't understand why you care as much about whether you're a new entrant, because what matters to you is whether you're a limited incumbent, and if you're a limited incumbent, you may well be a new entrant, but who cares? That's precisely right, Your Honor, except for that last point, and this is unfortunately one of the Venn diagram tricks of this statute, and that's that every single limited incumbent is a new entrant by virtue of the new entrant, including all limited incumbents, but not all new entrants are limited incumbents. Sure, I understand that too, but why does that require you to say that you're not a new entrant, because why can't you be a limited incumbent and a new entrant? I understand. There still could be other new entrants who are not limited incumbents. It just says they don't include you, and you have an example of one in your reply brief, which is a brand-new airline. Right. Or under the regulations, as I understand it, if you're an airline who only has international slots. Right. There are other carriers, it doesn't have to be you, but there could be other carriers who are new entrants, but are not limited incumbents, even if you're both a limited incumbent and a new entrant. Right. I understand the question better. I'm sorry about that. I think you're exactly right. I think there is a way to read the statute where a carrier could independently qualify as a new entrant and as a limited incumbent, which according to the reading you just reported, that would be Frontier in this case. And if that were so, then Frontier would be eligible for the slot exemptions made available in FAA 2024. The reason we put forth our reading is what it does is it makes sure that carriers qualify for only one of the categories. Right. It doesn't add an overlap to the statute. Why are you trying to do that? I know we'll hear from all counsel about this, but just speaking for myself, I don't understand the moral imperative to do that, because the statute already says on its face that there's an overlap. Agreed. So we already know that they're not mutually exclusive categories. We already know that there's an overlap, and we're only talking about the extent of the overlap. Right. And for your purposes, it seems like you could. Now, I'm not saying you necessarily win on this, but I'm just saying conceptually it could be the case that you give up on your argument that you're not a new entrant, and you just say, well, actually, fine, I'm a new entrant, but I'm also a limited incumbent. And my argument doesn't mean that there's no such thing as a new entrant who's not a limited incumbent, because there are new entrants who are not limited incumbents. I'm just not one of them. I think that's right, Your Honor. And what that does, what that reading does is it naturally categorizes the carriers as Congress, the statute, the regulation intended, which is to put new entrants and limited incumbents on one side to say, these are the carriers that we are prioritizing, that we are giving favor to, and we are trying to bring them into these airports, because these are the carriers that are going to add to competition, they're going to add the options, they're going to reduce airfare. And so it makes sense, you know, even if the new entrant definition says, hey, we should consider them together, as Your Honor said, sometimes, you know, you could independently qualify as both. It would make sense for that to happen, right? Because we consider those carriers as the priority carriers. Whereas on the other hand... Which carriers are the priority carriers? The new entrants and the limited incumbents, because those are the ones that are going to accomplish the regulations and the statute goals, more competition, more options, reduce fares. Whereas on the other side, it puts non-limited incumbents. So in that view, how is it that Frontier meets the definition of a limited incumbent air carrier? Right. Because it's not enough to have zero slots, because every new entrant has zero slots, and your argument is that this... Assuming that Frontier is a new entrant, then it's also qualified. Right. Because Frontier, as DOT itself recognized, is a carrier that is engaged in air transportation at DCA. It is an incumbent, right? And so, therefore, it must be a type of incumbent that's recognized by the statute. And there are only two. You're either a limited incumbent, or you're a non-limited incumbent. And because Frontier operates and holds fewer than 40 slots at DCA, it must be a limited incumbent. Now, that argument can't take you home if you buy what both DOT and Alaska say, which is that the best way to read the limited incumbent provisions, both the statute and the incorporated regulation, is that they mean fewer than 40, but at least one. Then you can't... Now, there's a debate about whether that's the best way to read it, but I think you have to concede that if that's the best way to read it, then even if we give you the benefit of the doubt on everything else, then you can't quit. So, not precisely. I mean, I think that's right. I think we could not qualify as a limited incumbent there. Then we go back to the issue that we believe that slot exemptions are, by negative implication and by, you know, the express direction that we only exclude them from such sections that are within the limited incumbent category, that we can't be a new entrant. And that puts us... I see. At that point, it becomes relevant whether... Because then you say you have to be something. Have to be something. Yeah. Okay. Right. I see that. But I... Okay. Go ahead. And I'll just say, because that's an argument that was raised by Alaska. I see that I'm passing my time. So, that it's actually okay for Frontier to be nothing, right? It's okay for them not to qualify as a new entrant because, okay, conceding that slot exemptions are included there, but they also shouldn't qualify as a limited incumbent because fewer than 40 actually means between one and 39. It is hard to imagine a reading that is more inconsistent with the statute and its purpose because that would only apply to carriers that only operate through slot exemptions. And what it would mean is that every time a new entrant got its first two slot exemptions, it would immediately fall into that definitional purgatory. Never be eligible for another slot or slot exemption again because they don't qualify as anything. Those are precisely the types of carriers that Congress, that DOT are trying to prioritize when they're giving access. And on the other hand, that would leave us only with non-limited incumbents, precisely carriers we are trying to move away from. Can I ask one question about that? Go ahead. And this is about why is it that the definition of limited incumbent carriers specifically provides that slot exemptions don't count slots. And I guess I could imagine one hypothetical on which that comes into sharp relief, which is suppose you're an air carrier that has 35 slots and 10 slot exemptions. So if you count the slot exemptions, you go to 45 and you become non-limited. If you don't count them, you're at 35 and you stay limited. So one way to understand the purpose of carving out slot exemptions from slots is to say we want to make sure that that kind of air carrier isn't unfairly treated as a unlimited carrier, but they get to stay as a limited carrier on the assumption that that carrier would rather be a limited carrier than a non-limited carrier. That's a possibility. And maybe that's the way, but it might be something else. But I'm just a little confused because the purpose, the effect of having slot exemptions count as slots is then you're more likely to be deemed an unlimited carrier than a limited one. That's right. And why is it that slot exemptions are excluded from slots to make sure that a carrier is not treated as an unlimited carrier rather than a limited one? Sure. So I'll say the legislative history is not altogether clear on this, but what it does accomplish, it accomplishes three things and I'll take your point first. It makes traditional slots that line of demarcation between limited incumbents and non-limited incumbents. Again, between the incumbents or the carriers that we are trying to prioritize and the carriers that we're not trying to prioritize. And that makes intuitive sense with how the statute's framed because you're saying if you have a significant number of traditional slots, that necessarily means that you are one of these legacy carriers that had traditional access to the airport and we're trying to move away from you when we're granting new slots and slot exemptions. Whereas if you are a carrier with a significant number of only slot exemptions, well then you almost by necessity are one of these carriers who is adding more options, adding more competition, reducing airfare. You are newer to the airport and those are the carriers we are trying to favor. So the amendment in 2012 that said we excluded only from that category, that's the main thing that it accomplished there. The two other things I'll say briefly before I sit down, it also puts the carriers into categories that align with common sense and reality. This goes back to if you do include slot exemptions with new entrants, exclude it from limited incumbents. Carrier like Frontier who's been at an airport for 25 years is not new, it has already entered. This amendment makes sure that carriers who are actually new have not yet entered are new entrants. Carriers who are engaged in air transportation in a limited capacity beneath the threshold set by Congress are limited incumbents. But as I understand it, that explanation doesn't work if one were to think that you are a limited incumbent but you're also a new entrant. I think that's right. Yeah. Precisely. The explanation you just gave, I get it if you're treating them as mutually exclusive so that it would mean that you're not, you would say we shouldn't be treated as a new entrant. That doesn't make any sense. But if the way I read the statute or a possible reading of the statute, and I'm sure we'll get an explanation of why this is not a possible reading of the statute, but a possible reading of the statute is you're both, in fact you are a new entrant. And this whole argument you're just making about how we shouldn't be deemed a new entrant when we're already here, that falls out because whether you want to or not, you're a new entrant. I think that's right. Taking your honor's point there. So I think then the main policy goal is using traditional slots then as a way to demarcate carriers we're trying to prioritize who have not had historic traditional slots and the carriers that we're not trying to prioritize because they certainly have them. Going back to the 35-10 hypo, so you would say if you have 35 slots and you have 10 slot exemptions, the way you think about it is we still want to treat you as not, you know, a powerhouse. You're not a united.  You are a carrier who is bringing new options, new competition, downward pressure on fares. Because even though you have 35 slots, you're still not, you don't have 100. Right. So you might get over the hump with slot exemptions, but slot exemptions really are indicative of the kind of carrier we want to protect because they're introducing competition even if you're a 35-10 and so you're pretty close. Precisely. That's the way you think about it. Precisely. Well, in 2012, DOT characterized Frontier as a limited incumbent carrier. Has there been any re-characterization of that since then? No, there hasn't, Your Honor. It actually, it did that twice and Frontier brought that up in the proceedings and DOT just simply ignored it. Now, I'm not quite sure what level of deference we give to that in the Loper Bright universe, but certainly still the agency's decision-making must be reasoned decision-making and part of that is when it wants to come out differently. It came out exactly the opposite and it did not address those decisions at all. There's no further questions? No questions for you at this time and we'll give you a little time to think about it. Thank you. We'll hear from the government now.  Thank you, Your Honor. May it please the Court, Simon Brewer on behalf of the Department of Transportation. The Department correctly disqualified Frontier's application because it qualifies only as a new entrant air carrier at Washington National Airport. That follows from the plain statutory language that, as Judge Child's question suggests, distinguishes between carriers with zero slots who are new entrants, carriers with one to 39 slots who are limited incumbents, and carriers with 40 or more slots who are non-limited incumbent carriers. Because it is uncontested that Frontier has zero slots at Washington National Airport, it qualifies only in the first category and was, therefore, ineligible for the slot exemptions at issue. I'm not sure that's necessarily the case. I mean, if we just read the plain text of the statute, 4171-4-H4 treats slot exemptions as slots. So, if that's the case, then why would Congress have wanted to treat an airline that operated potentially many flights at DCA under slot exemptions as a new entrant? Let me start with the definition, Your Honor, and then we can sort of broaden out from there. So, as an initial matter, I don't think we can read that definition as defining slots to include slot exemptions. I think, as, you know, first point, it would be exceedingly odd for a defined term to also include what is in the very name an exception to that defined term. And so, I think, instead, what Congress was doing here was incorporating the regulatory definition of slot, which is the underlying regulatory regime on which the statutory language is built. I also think that reading the definition of slot to incorporate slot exemptions makes a hash of the rest of the statute. As the Chief Judge's question to my friend on the other side suggested, there are many places in the code that distinguish between slots and slot exemptions and use those terms in the same sentence. And if the definition of slot by itself included slot exemptions already, it would be very difficult to understand why Congress felt the need to say slot and slot exemption in tandem elsewhere, for example, in section 41714K. And then, finally. 41714K is just the one that disqualifies carriers with co-chair agreements. Correct. From qualifying for slot exemptions as limited incumbents. So, it's about qualifying for them, not about what you hold. It doesn't require. So, I guess, I mean, if you go back to the definition in H-4, it says the term slot means a reservation for an instrument flight rule takeoff or landing by an air carrier of an aircraft in air transportation. Now, a reservation for an instrument flight rule takeoff or landing by an air carrier of an aircraft in air transportation also describes a slot exemption, does it not? It's a functional entitlement. It functions similarly in, yes, that it allows takeoffs and landings at the airport. But, again, I think the last thing that I want to mention here is I think the statutory history is very helpful. So, again, this definition very closely mirrors the underlying regulatory definition on which Congress was layering the slot exemption regime. So, if you look at 14 CFR section ND3.213A2, that's where the definition of slot originates, and Congress was taking that language and importing it into the statute. But I think also, again, if Congress had intended to define slot to include slot exemption in that definition, it would be very difficult to understand the 2000 amendments which added the limited incumbent definition and said for purposes of that definition, slot shall include slot exemption. Again, that language would be entirely redundant, superfluous, if the definition of slot already included slot exemption. But wasn't it the case that before 2000, it was generally understood that slot exemptions were not treated as slots and that that changed... I'm not sure when that changed. So, let me address that. So, I think that's right. Before 2000, it was generally understood that slots did not include slot exceptions, and I think that makes sense of the statutory and regulatory definition of slot. From 2000 to 2012, Congress enacted a special exception, a deviation from that background understanding, and said for purposes of the limited incumbent definition, slot will include slot exemption. So, that was an exception to the background rule. In 2012, Congress decided to eliminate that exception of the background rule and provided that even for the limited incumbent definition, slot would not include slot exemptions. So, that returned the statutory playing field to the way it existed before. Slots and slot exemptions would be treated as distinct categories under the statutory regime. And that's the world that we live in today. So, I think... So, let's just suppose, at least... I don't want to stop before I get a question. There's a follow-up. Go for it. So, let's suppose, then, that for argument's sake, that we accept your reading that slot and slot exemption are different and that even for this definition, you could just say, yeah, functionally, actually, the term slot, the way it's described, actually covers the slot exemption. But the one thing we know is that it can't be a slot exemption because the statute draws a distinction. So, we just read the definition to say the slot means a reservation for a flight rule takeoff or landing, except by virtue of a slot exemption. We just know that the statute draws a distinction, so it has to carve that out. So, let's suppose I'm with you on that. But why does that necessarily mean you're home? Because I still don't understand. That just means that frontier is a new entrant. Right, correct. But they can be both a new entrant and a limited incumbent. No. Why not? Congress defined only a very particular overlap between those categories. And, again, I think it's helpful to understand that this is building on the prior regulatory regime, which defined these categories. Well, I get that, that they defined a particular overlap. But then it just depends on what you start with. Because if they're a limited incumbent, they're definitely a new entrant. Correct. Right? So, if I conclude the slot, the point that slot exemptions aren't slots matters for understanding whether somebody is a new entrant, other than by virtue of being a limited incumbent. Because there's two ways you can be a new entrant. One is you're a limited incumbent, and therefore you're necessarily a new entrant. The other is you're a new entrant because you have an air carrier that doesn't hold slots. Correct. And so I think the problem with reading them to have a greater overlap is that it extends the overlap that Congress enacted. So Congress set up these three categories and it said in one particular circumstance, we will allow overlap, which is that someone who qualifies as a limited incumbent will also be permitted to be treated as a new entrant air carrier. But otherwise, that these are conceptually distinct categories and allowing the definitions to be read in a way that creates broader overlap frustrates Congress's intent that that one particular circumstance be the one where there is an overlap in these definitional categories. That seems, I don't understand why we have to do it that way. For one thing, if you start with whether they're a limited incumbent and you conclude that they are, so just say, I'm not even thinking about whether they're a new entrant. I'm just not looking at that part of the statute right now. I'm just going to start with the question that matters the most, whether they're a limited incumbent. Just looking at that provision and let's just suppose I say, oh, they kind of think they might qualify as a limited incumbent. I mean, you yourself think they're incumbent. And then when I look to see whether they're a limited incumbent, I look to see and I say, well, they have fewer than 40 slots, so they qualify. And I know you think, well, fewer than 40 slots means actually at least one. But let's just suppose I disagree with you on that. Let's suppose I think actually, I mean, maybe, maybe not. I think different statutes and different regulations, I think that both readings are plausible. If I ask, was your blood alcohol content less than 0.15, I think someone who has a zero qualifies. You don't have to have a blood alcohol content in order to ask whether your content was less than 0.15. Zero is good, actually. So I think that one is a wash. So I think, yeah, you could be a limited incumbent. And by virtue of that, it's, no, but if we do that, then they're also a new entrant. I think, okay, that doesn't matter because the statute already tells me they're a new entrant because they're a limited incumbent. So then I'm not even expanding, even if I bought your idea that it can only go so far. If I start with whether they're a limited incumbent, and I think they qualify, then it doesn't matter that they're also a new entrant because the statute compels that. But then there would be very little left of the new entrant definition in that world because all carriers that have zero slots would be limited incumbents, and then by that chain of logic... No, no, not all carriers because you have to be an incumbent. So, again, I think that's... We did use the term incumbent to say currently providing air transportation services at National Airport, but that's because that term standing alone was undefined. So the currently providing transportation at air services is not something my friend on the other side draws from the statutory or regulatory definition. Statutory or regulatory definition is defined purely in terms of the number of slots held at the airport subject to the various carve-outs in the statute. Is there a definition of incumbent? Right. So the definition of incumbent that the agency used, that was drawn from the plain language of the statute for that undefined term, incumbent air carrier. Let me ask you this. Suppose you have a carrier that has no slots or slot exemptions at DCA. Are they a limited incumbent carrier? No. Are they a new... So they can't be a new entrant by virtue of being a limited incumbent carrier because they're not a limited incumbent carrier. Correct. Are they a new entrant? Yes. So there's the example of a carrier who is a new entrant but is not a limited incumbent even if Frontier is both a limited incumbent and a new entrant. Yes. But again, I think this is merging the categories very closely together when Congress has only provided for a very small overlap in those categories. I don't understand why it's merging them very closely together because I've just given you a category unless I'm missing something. I've just given you a category of carriers I think it's... several carriers who are new entrants but are not limited incumbents. Maybe I can take a slightly different tack. I think that the world that your Honor is positing is the world that existed between 2000 and 2012 when Congress decided to count slot exemptions towards the limited incumbent status. And so maybe a different way of getting to that question is if that's what Congress had intended it could have left in place the regulatory regime that existed from 2000 to 2012. In that world, Frontier slot exemptions counted as slots and counted towards its limited incumbency status during that period of time. I'm not basing it on the slot. I don't even think the DOT when they say that Frontier is an incumbent, it's true that they have a physical presence at the airport because of their slot exemption. It just happens to be because of the slot exemption. The question is whether they're incumbent and the point is they are because they're there. So yes, they count as an incumbent and therefore the question is are they a limited incumbent? Do they have fewer than 40 or do they have more than 40? We don't count the slot exemptions to decide that because even if they have 41 slot exemptions they would still be limited even though they're over 40. I guess I disagree with the premise of the question insofar as being an incumbent carrier leaves only two possibilities, whether it be a limited incumbent or a non-incumbent. Those are separate terms that Congress used in the statute and if incumbent carrier only carried those two possibilities, then the statute would incorporate two entirely redundant qualification criteria. Why is that? I don't understand. When Congress set out the eligibility in terms of an incumbent air carrier qualifying for status as a limited incumbent air carrier, if Frontier were correct and the only possibility were limited incumbent or non-limited incumbent there would be no reason to include that first phrase at all. Incumbent carrier qualifying for status acts. It would be sufficient. It would achieve exactly the same result to just say these are reserved for a limited incumbent air carrier and that's why DOT read the statute to include two separate qualification criteria for the slot exemptions issue. First of all, you could be an incumbent carrier who's not a limited incumbent carrier because you're an unlimited incumbent carrier. And there was a separate set of eight slot exemptions allocated for that category of people that also included that same particular phrase. It just that seems like, I mean I get your point as a matter of geometry, but boy that's taking the kind of surplusage thing to an incredible degree to say Congress was so punctilious that every situation they made sure that there was never any overlap. I mean it just seems to me that what they could have been saying is there's two types of incumbent carriers. There are those who are limited and those who are unlimited. For those incumbent carriers who are unlimited there are eight slot exemptions available. For those incumbent carriers who are limited there are two slot exemptions available. But then there would be no reason to include that language. It would have achieved exactly the same effect if Congress had omitted those words. But the only words you're talking about omitting is to say those incumbent carriers who are limited. You're saying if they had just said limited incumbent carriers get two slots and non-limited incumbent carriers get eight. That would be one thing. And then what I'm saying would hold. If I'm understanding correctly what you're saying is but wait, they didn't just say limited incumbent carriers get two and non-limited get eight. They said incumbent carriers who are limited incumbent carriers get two and incumbent carriers who are non-limited incumbent carriers get eight. You're drawing ridiculous significance into the fact that they would have added the first part of that, right? Am I understanding it right? That's right. I think there is significance that they added the first part of that. Again, I think Congress could have achieved that effect if they wanted to simply by omitting that language. And we disfavor statutory interpretation. Is that then where we wind up? Because this is very helpful because then at least it's isolating the government's understanding of why the conceptual possibility that I'm outlining can't be right. If I don't agree with you, hypothetically, if I don't agree with you that fewer than 40 means somewhere between one and four, I think zero counts. Zero can count as fewer than 40. And I think somebody like Frontier therefore can be a new I'm sorry, therefore someone like Frontier can be a limited incumbent because they are an incumbent because they have a presence by your own argument. They have fewer than 40, i.e. zero, of the things that matter. So they can be limited incumbents. And the fact that they are also a new entrant doesn't matter because the statute specifically accounts for that possibility. The one thing that stands in the way of that understanding is your point about the fact that Congress in the 24 Act added the word incumbent carriers who are limited. So yes, I think that's an important part of the argument, and I think that is consistent with how the agency read the statute and its decision. I do want to push back on the idea that someone with zero is qualifying as fewer than 40. And as we said, that certainly in some contexts permissible linguistic interpretation, no doubt about that, and the blood alcohol content example you gave might well be one of them. But that makes significantly less sense when there is a category, a separate category that is more naturally suited by its own terms to someone with zero of the relevant qualities. And here, that's the new entrant category. You can be... I'm not sure this is relevant at this exact moment, but it struck me as sort of unusual that you can actually be a limited incumbent air carrier if you don't currently have any plots, if you've had them in the past. Is that right? That you cannot be a limited incumbent? You can be. Yes, you can be a limited incumbent air carrier if you have given up your plots in the past. Correct. So you don't actually currently have anything. Correct. That's exactly right. So that... I should have a follow-up on that. So that's getting to, in some ways, to the spirit, the question about spirit. Correct. I don't want to slip past the well-taken arguments that both you and Alaska have made that we shouldn't think about the spirit argument. The spirit could have intervened at a particular time, and it didn't. Let's just... I understand those arguments. But just to get to the merits of it, for purposes of understanding holistically how the agency is thinking about the statute and regulations. As Judge Pillard said, you can be a limited incumbent carrier even if you don't currently have any plots because you could have been someone under the regulations who gave up your plots in, I think, your year way back when, right? Correct. You transferred it. Yes. And under the regulation itself, it says you're still a limited incumbent carrier in that situation. Correct. As I understand the agency's reasoning, someone in that position still might not be an incumbent carrier. That's exactly right. I have to say I'm not quite sure I follow that because if the statute and regulations treat you as a limited incumbent carrier, how can you be a limited incumbent carrier but not an incumbent carrier? Again, I think that returns to the agency's understanding that Congress set forth two separate eligibility criteria. In doing so, Congress used the incumbent in two slightly different ways. On the first criterion... You used the same word in slightly different ways right next to each other. Yes. I don't think that's surprising because in one of them, Congress was using a defined term. When they said incumbent carrier who is a limited incumbent carrier, we're supposed to understand that they meant the word incumbent to mean two different things when they said them right next to each other. Yes. I think it used the term incumbent air carrier, which is an undefined term and therefore under well-established statutory interpretation principles, the agency gave that it's plain language meaning, which is someone who currently occupies the specified office here providing air transportation at the airport. Then it used a defined term, limited incumbent air carrier. Defined terms can incorporate exceptions. They certainly do here under the well tread regulatory and statutory definition. The fact that Congress has chosen to not count some kinds of holdings under those definitions and in doing so, provided for a very particular definition of limited incumbent air carrier, I don't think it's terribly surprising that... There's a lot of challenging Venn diagram issues in this case. The other thing that doesn't seem completely challenging is the notion that there's a broader category of incumbent carrier of which limited incumbent air carrier, even by the very title of it, is a subset. Again, I think Congress... Do you think that that's not right? Yeah, Congress could have certainly defined it in that way. It didn't add a defined term of incumbent air carrier. That's not a term of art that has been used in the statute or the regulation previously. I think the agency did what it's supposed to do when it's confronted with an undefined statutory term, which is give it its plain language meaning. Going back to that... Okay. My original question was these three categories. Zero, the limited incumbent from one to 39, and then the non-limited incumbent from 40 or more. That's making three distinctive categories. Then you go back to all of the questioning that's been going on where it could mean that Frontier still could be a new entrant and still be a limited incumbent. Are you taking the position that for purposes here, we need to fit within one of the categories and put aside that you can be both because you do have limited incumbent and new entrant as zero slots separated here? Our argument is that Frontier qualifies only as a new entrant and does not meet the definition of a limited incumbent air carrier and therefore doesn't fall into that narrowly defined overlap that Congress has provided. Despite that the 2012 definition by DLT classified them. I'd be happy to talk about the two 2012 decisions if that would be helpful. The first one, the May 2012 decision, simply does not characterize Frontier as a limited incumbent air carrier. That's not correct. The agency reiterated Frontier's self-characterization as a limited incumbent air carrier, but in the analysis portion of that decision, it did not accept nor reject, but did not accept that characterization. The July 2012 decision does suggest that Frontier is a limited incumbent air carrier. I think that decision needs to be understood in its context, where again, Frontier had made that assertion to the agency and no party to that proceeding had challenged Frontier's self-characterization as a limited incumbent. I think that made good sense because in the context of the 2012 proceeding, new entrants and limited incumbents were equally eligible for the slot exemptions at issue. There was no particular reason for anyone in the proceeding nor for the agency to make any delineation between a new entrant and a limited incumbent air carrier. In that context, I think it's almost like judicial dicta. It's not something that should be taken to bind the agency in future proceedings. You haven't talked about co-chairing at all. Yes. We, of course... I also have co-chairing, but there's one question that you actually, that Judge Pillard helpfully introduced that I just want to tie a bow on and then go to the co-chair. On this, I'll just call it the spirit set of issues, even though I take the point that it may be inappropriate to address some of these if spirit isn't appropriately in the case. You made the point in wrapping up a previous answer that we should allow Congress to give ordinary...we should assume that Congress just wanted to give an ordinary meaning to incumbents, and so it just wasn't thinking about the stylized situation in which someone's treated as a limited incumbent even though they have no ongoing physical presence because they sold off...because they transferred slots. I take that point, but usually the government's in here all the time making the argument that when we're construing statutes, we take into account the regulatory backdrop and the statutory backdrop. And if you do that, then you're just...you're hit in the face with a regulation that says carrier is a limited incumbent even though they have no physical presence at the airport. That's indisputable, correct? Yes, there's definitely a possibility. It's a... It's held when you have a carrier who had a slot that's been transferred. That carrier, by dint of the regulation, is definitely a limited incumbent. Yes, that qualifies as a limited incumbent. So they qualify as a limited incumbent. So Congress would have written the term incumbent carrier in the statute knowing that such a carrier under the then-existing regulatory backdrop is a limited incumbent carrier, but would still have thought that they're still not an incumbent carrier. Yes, and I think again, the reason for that is because Congress set forth two eligibility criteria. You know, it incorporated the limited incumbent definition into the second one and to give the first one some kind of non-redundant meaning, the agency had to imbue it with some kind of independent significance. And the way it does that is by, again, treating this as an undefined term in the statute that it's going to afford... So your view is that because of the way the statute is phrased, and I don't remember the exact wording of 2024, but the wording that says, just so we're on exactly the same wavelength. Yes, so Congress made the slot exemptions available to quote, incumbent air carriers qualifying for status as a limited incumbent air carrier. So, based on that formulation, we should conclude that Congress must have wanted there to be incumbent air carriers who are not... No, they must have wanted for there to be limited incumbent carriers who are not incumbent carriers. That's right. So those are two separate criteria, and again, I don't think that's true. I mean, you have to admit that that's quite... That's quite a conclusion that Congress had to have thought that a limited incumbent is not an incumbent. I think it thought some limited incumbents would not necessarily meet the common English understanding of incumbent. Yeah, so in other words, even though you're a limited incumbent, even though... Suppose I change limited incumbent. It seems to me to be a fair translation of limited incumbent to say incumbent who's limited. Yes, I guess I don't see any significance. I mean, you could have chosen different words to define. So if that's true, then the argument would be an incumbent who's limited is not an incumbent. I mean, I think this happens when there's defined terms that include exceptions, you know, and deviations. Am I right that that would be the consequence that if you think it's okay to treat a limited incumbent as an incumbent who's limited, we'd also think that means that an incumbent who's limited is not an incumbent. So I guess I would say, you know, again, Congress chose particular words here. It chose to use a defined term under the statute and it chose to use a non-defined term. And the one other point I'd like to make is this is not a new formulation. So if you look at 41 718 G3, for example, Congress has used this incumbent air carriers qualifying for status as language before. And I think, again, if you thought that these were entirely redundant terms, it would be passing strange that Congress has repeatedly over the years chosen this formulation that, you know, again, in Frontier's view, or sorry, rather in Spirit's view, sort of collapses the two into one phrase that could be shortened with no change in the meaning of the statute. Wait, come again. Can you explain what you just said? Yes. So Congress has repeatedly used this phrase of incumbent carrier qualifying for status as, and if that were truly meaningless language, it adds nothing to the statute. It just means that, again, an air carrier has to be a limited incumbent, and we could delete those words from the statute with no effect on the statute's meaning. It would be exceedingly strange that Congress has repeatedly used that language over the years to define the eligibility criteria for these clauses. So you're saying that the going to the trouble of saying an incumbent carrier qualified for status as a limited incumbent air carrier, which is central to your argument, is carries the negative implications that there are limited incumbent air carriers who are not at all incumbent other than the category who are limited incumbent air carriers because they once held and don't currently hold slots? Right. So the category would be... Beyond that, in your view. So, yeah, it would be carriers that do not currently operate at the airport that are not providing air transportation. That is the only non-incumbent subset that you're relying on of limited incumbent air carrier or that is one, but you're also... That's the one the agency set forth in its decision. And that's Spirit's position. And this is contrary to Spirit's position, which is... Exactly right. So what the agency set forth is that to be an incumbent air carrier, that undefined term under the plain meaning of those words, one must be currently providing air transportation services at the airport. I know this is going to seem like beating a several times beaten object, but let me just make sure that I understand the implications of the argument. So I take your point that the statute says in several places incumbent carriers qualifying for status as either non-limited or limited. Let's just use limited. So suppose Congress writes a statute that says those incumbent carriers qualifying for status as limited carriers shall have access to two slot exemptions. Those incumbent carriers qualifying for status as non-limited carriers shall have access to 80 slot exemptions. And wouldn't it work perfectly well to say yes, that means that every limited carrier is... Every limited incumbent is an incumbent. Every unlimited incumbent is an incumbent. But that's just how Congress describes it. So there's I think a couple of linguistic differences in the statute your Honor just described. So for one using those as a descriptor right. I'll give you that. I added those. So I think that's one reason. So I'm not changing a lot into adding those, but I take your point. But I think that the significance there is that Congress could have chosen different language to accomplish that. And you know, again, it said it could have defined the universe of eligible carriers in different ways. And certainly, you know, again, just to reiterate to our... I think it would be the same thing if you even dropped those. But anyways, I take your point that those adds emphasis to that. But then what's your second point? And the second point is again, you know, we would still strive to give some independent significance to every word that Congress has used in the statute. So in that hypothetical, you think I would still conclude that there have to be limited incumbents or not incumbents? Again, I would have to look at the very particular wording of the statute. But yes, I think we would start from the presumption that Congress is intentional in choosing a language. Let me make sure there's no further... Okay, very helpful. Thank you. Mr. Dvoretsky? Good morning, Your Honors. May it please the Court, Shai Dvoretsky on behalf of Alaska Airlines. I've spent a lot of time with Venn diagrams myself on this case. This is not a statute like, say, ERISA that you would describe as a comprehensive statute     or a comprehensive and articulated scheme. It is hard to make the Venn diagrams work perfectly, and in part that is a function of the nature of the statute and its history. This is a statute that came about through a series of ad hoc provisions that Congress passed when it wanted to create or to give additional slot exemptions to particular carriers. And so I think the focus here ought to be on what is the latest piece of that puzzle? What did Congress enact in 2024? And in 2024, Congress made slot exemptions available only to limited and non-limited incumbents, not to new entrants. So focusing on the question of what is a limited incumbent, because Frontier needs to be a limited incumbent in order to qualify for the slot exemptions that it wants. I think that tees up the question of whether fewer than 40 can include zero or whether that has to mean 1 through 39. I take your point, Chief Judge Frenemason, that in the abstract, fewer than something might include zero, it might not. Here, there are contextual and contextual cues that tell us that fewer than 40 means 1 through 39. The first of those is the word incumbent. When we talk about a limited incumbent, a limited incumbent carrier, we're talking about a limited incumbent carrier as two slots. We are also talking about an operator, an airline, that holds or operates fewer than 40 slots. It would not be natural to say that you hold or operate zero slots. If I said to you, I went to the supermarket and I came back holding fewer than 10 apples, you would be surprised if I opened my shopping bag and there were zero apples in there. That's an unnatural way to say I came back holding fewer than 10 apples if the supermarket was sold out of apples. Likewise, the wording... I understand that. I guess it seems to me to depend on whether you were asked the question or whether you just volunteered it as a shopper. If you just asked the question, are you holding fewer than 10 and you had zero, I think your answer would just be yes. If I was asked, did I come back from the supermarket holding fewer than 10 apples, my answer to that in normal English would be, I didn't find any apples at the supermarket. I wouldn't say, yes, I'm holding fewer than 10. I would feel like that was a trick way to ask me that question. Did you find any apples at the supermarket? The words hold or operate, I think, tell us that you must hold or operate something. It's an unnatural way to say you hold or operate nothing. As to the word... The words hold or operate are where? This is in 14 CFR 93213, which is the regulatory provision that is incorporated into... Under A5, it's the one that substitutes 40. That's right. It's incorporated into the statutory definition in A5. We treat that as part of the statute and it says that holds or operates fewer than 40. Your submission is if you have zero... You don't qualify. You don't qualify and it would be an unnatural way to express having zero slots to say you hold or operate zero slots, especially when Congress has created this separate category, this additional category for new entrants, which is expressly geared towards an air carrier that does not hold a slot, which is what Frontier is here. I want to make sure I understand your linguistic point. If I ask the question to someone at Frontier's position, do you hold or operate fewer than 40 slots? You think Frontier's answer should be... And let's take it as a given that they have zero slots. If I ask the question, do you hold or operate fewer than 40 slots? The answer should be... The answer... We do not hold or operate any slots would be the natural way to express that. But first, if you're answering Justice O'Connor and she says I first gave the answer, the answer, your first answer would be no under his hypothetical, right? Do you hold or operate fewer than 40 slots? No. Correct. I hold or operate none. Correct. Correct. And the additional force for that argument comes from the use of the word incumbent. We're talking about a limited incumbent carrier. The word incumbent is really serving as an adjective here. We're shorthanding it as a noun, like a congressional incumbent. But really it's being used as an adjective to describe a limited incumbent carrier. What kind of carrier is it? It's an incumbent carrier. The word... The adjective there is serving the function of saying that the carrier occupies a particular position where, again, hold something. And so not only do we have the words hold or operate in the statute, but we have the word incumbent that is doing the same kind of work, all suggesting that fewer than 40 means that you must have something. Chief Judge Renovas, in terms of your questions to Mr. Brewer about whether the word incumbent means different things in the same provision. It doesn't mean different things. The word incumbent, again, it's serving as an adjective. We're talking about incumbent air carriers at DCA, and we're talking about limited incumbent carriers. It's giving meaning to those other terms. It is referring to those other terms. Incumbent air carrier at DCA, is this an air carrier that currently holds some position at DCA? Do you fly into or out of DCA? Limited incumbent carrier then draws in this other regulatory and statutory definition, and that's referring to incumbency with respect to slots. The word incumbent means the same thing and is doing the same thing in both places. It's simply referring to different things. Your status flying in and out of the airport in the first part of the test that Mr. Brewer referred to, and to limited incumbency status in the second part of the test. The conclusion from that would be that even though you're a limited incumbent, you're not an incumbent. There could be a scenario where you are a limited incumbent but you're not an incumbent. The other thing to point out on that, and again this goes back to being something of an unusual ad hoc sort of statute, limited incumbent carrier is defined in a strange way because it is defined as a carrier that either has slots now or had slots at any time since, I think it was 1985, since a particular point. It's simply a function of how Congress has oddly chosen to define limited incumbent carrier that you could end up in a situation with somebody who, yes, technically is a limited incumbent carrier because they had a slot that they got rid of back in 1986, but they haven't flown since then, so they are not an incumbent air carrier at DCA. And again, Congress in the test here created a two-part test, but again, to your questions earlier, Chief Commissioner Navasan, it's not a test that is anomalous because it's giving incumbent different meanings. It's incumbent simply has different reference in the two parts of the test. But you'd have to hypothesize that Congress who understood that under the regulation, I mean, if Congress is omniscient, if they truly understood everything, I think the Congress would have spelled it out even more if your understanding and DOT's understanding is right and would have made clear that even though it might strike you as a little bit odd, that incumbent carrier is not a broader subset that necessarily encompasses limited incumbent carrier. We're going to treat it as that for these purposes. We're going to come up with a different term, a carrier with a presence. We're just going to come up with something just to avoid what strikes me at first blush as somewhat anomalous, that Congress necessarily meant to use incumbent carrier in a way that means not all limited incumbent carriers, even though the regulations say that somebody who used to have a slot and doesn't have a certain ongoing physical presence is a limited incumbent carrier. I'm not saying Congress couldn't have done a better job. This is, however... So you're saying limited incumbent air carrier, which can include an air carrier that had slots as of 1988 or at some point, but no longer has them. Right. Whereas incumbent air carrier, DCA, in your view is an air carrier with a current presence. Well, because it says at DCA, as of the date of enactment of the FAA Reauthorization Act of 2024. Go ahead. I think under the regulations, if you say, are you a limited air carrier as of 2024, the answer is yes, you are a limited air carrier as of that date. Because you have the slots going back to 1985. The date reference, I don't know how much work it does because under the regulations, you're treated as a limited air carrier in 2024. Even though that the reason I guess that it's somewhat metaphysical in that you're being treated as that by reference to your having had a slot 20 years ago. I think that's right. I'm just saying it can be read. The word incumbent as used in limited air carrier can be read to use incumbency differently from an incumbent air carrier at DCA because in the context of the statute, incumbent in the phrase air carrier at DCA means I think what Chief Judge Narvasa said current presence means something different. It doesn't mean the same thing as because under LIAC it could be someone who has no current presence. I think that's right and I also think there is nothing anomalous or differential about the meaning of incumbent in these two instances. I think incumbent is just referring to different things but the word incumbent itself is consistently understood. I'm not sure I follow that. You said they have different references in the two places that are not different meaning. I'm not sure I see the fine distinction you're making. They seem to have different meanings. Either way, the word incumbent looking at that in isolation it is describing a type of air carrier. What type of air carrier is it describing? It's describing an air carrier that occupies a particular position or place. That's the basic meaning of the word incumbent. Now, when we're looking at the first part of the test, what position or place are we asking about? Well, we're asking whether it's an incumbent carrier at DCA. Is it one that flies into or out of Reagan National Airport? When we're looking at the second part of the test, limited incumbent carrier, we're asking does it occupy a position or place as the statute defines limited incumbent carrier which is to say with respect to slots. That's what we get out of the CFR provision that is incorporated into H-5. At DCA? Sure. But limited incumbent carrier is defined specifically with respect to holding or operating slots. Incumbent air carrier is not a defined term within the statute. That is best understood as simply being an air carrier that again, using my ordinary English definition, holds or occupies a position or place flying into or out of DCA. Now. That's the important thing for you. Correct. DCA now is one meaning of incumbent and with respect to slots ever after 1985 is the other.  Because the 1985 piece is coming in through the statutory and regulatory definition of a limited incumbent. And I apologize, I'm not sure if it's 1985 but I think it's the mid-1980s. I think you might be right. Can I go back to where you started, which is how we understand holds or operates fewer than? Sure. But I do think that everybody, as I understand the way the arguments shake out, all sides agree that if your understanding is right, then your side prevails and Frontier doesn't. Putting aside Frontier's argument that new entrant does not hold a slot means does not hold a slot or a slot exemption. Which I disagree with. For these purposes, I'm going to say we all disagree with that even though I know Frontier doesn't want us to. But just for understanding, because I think everybody then agrees that then what we're down to whether fewer than 40 means 0 or whether it means at least 1.  just to understand linguistically where we are, I don't think operate is, just to strip it away, let's just take out or operates. And let's just talk about holds. Okay. Because I think that's where it seems like the point of emphasis is. So... I do think it's both, but I'm happy to... Okay, then let's do them separately because it's an or, so we can just do them one at a time. So an air carrier that holds 0 slots, let's just do holds for a second, that holds 0 slots, the answer to whether that air carrier holds fewer than 40 is no. Under your... Correct, because the answer is you do not hold fewer than 40, you hold 0. But I know we're taking these terms in isolation. I do think it's important to remember, though, that holds, operates, and incumbent are all mutually reinforcing terms that suggest that you must hold something, you must operate something, you must be an incumbent occupying a position or place as to something, and that something is slots. So we can look at each term individually, but I also think that the fact that you have the three of them together is just triple underscoring that this is not the blood alcohol example for the person in the hall. Yeah, because of the words holds, operates, and incumbent all, in your view, presuppose that you hold something, that you are an incumbent asking something. The thing that you're asking about, slots. Correct. Right, the thing that you're asking about is slots, because that's what the whole definition of A5 and the regulatory definition of H5 and the regulatory definition that it incorporates is talking about. It's talking about slots and specifically not slot exemptions, just slots. Yeah, so if you get a police officer pulls over someone and asks in trying to discern whether they've been drinking, are you holding a bottle, are you holding fewer than five bottles of alcohol? I guess, scratch that. It's just too contrived. Okay, I think I understand the holds. Did you have fewer than two drinks? No. No drinks. And the other point that I would like to make on this, and I don't want to drag us all the way into Venn diagrams, because as I started out by saying, there actually isn't going to be a satisfactory answer in this statute the way there might be under ERISA or the tax code or some other provision to make everything fit perfectly together. I do think that while Congress created some amount of overlap by making every limited incumbent a new entrant, it did not make, a new entrant means a new entrant or a limited incumbent. That doesn't mean that the overlap goes entirely the other way. And Congress has separately in a number of places in this statute differentiated between new entrants and limited incumbents. It did so in the 2024 Act when it made these slot exemptions available only to limited incumbents. I think that has to be, I think there's a lot of force to that proposition that the category of new entrants who are not limited incumbents can't be zero. I think that's got to be right that there must be some new entrants who are not limited incumbents. And I think that has to be right. But then Frontier can still be both a limited incumbent and a new entrant while still leaving room for some new entrants who are not limited incumbents. I think the question is how much overlap you understand this statute to be creating. It's not going to be perfect because Congress itself already created some overlap in this hodgepodge of a statute. But as a general way of reading statutes we try to avoid creating overlap where we can. Frontier's interpretation would create more overlap than ours would and unnecessarily so and that is another contextual cue along with old operating incumbents for why you shouldn't create that overlap. Fewer than 40 should mean 1 through 39 not 0. That's my only diagram. Not that it's going to be perfect but it's just another clue along with the others for why fewer than 40 has to mean 1. Thank you. Any further questions? Thank you. We've gone on for a while. We'll give you three minutes for a rebuttal. Thank you. Thank you, Your Honors. I want to push back on the idea that our reading creates more of an overlap than their reading and that's of course because under our reading the new entrant definition is wholly separate from the limited incumbent definition. Now I don't want to tread over grounds that Your Honor said where you can actually be both of those things. I think in that situation there is more of an overlap but under our reading there is not. Those are wholly distinct things. Somebody who is actually new, who has not yet entered as a new entrant, somebody who is already engaged in their transportation at the airport, as long as there are fewer than 40 spots, they're a limited incumbent. Their reading requires that the court make at least two edits to the statute for Frontiers eligibility. We haven't even talked about Alaska's eligibility yet but for Frontiers. And the first is that the court graphed that spot exemption exclusion from the limited incumbent definition into the new entrant definition such that it doesn't count there. And second that the court rewrites fewer than 40 to mean between 1 and 39 or at least one. And that's not what the statute says as we pointed out in our briefing. Congress... We write fewer than 40 but there's not a precedent that this has been defined that fewer than 40 is zero or the other way. Your Honor, there is not a precedent in regards to this statute. I think as we showed in our briefing though, Congress, DOT and other agencies know very well how to define a range of numbers that excludes zero when that's its intention. It says it uses language such as greater than zero at least one between one and some positive number. And that's exactly how DOT and Alaska tried to rewrite the statute here saying fewer than 40 actually means between 1 and 39. Congress and DOT knew how to use that language and chose not to here. And I would say that there is precedent. We pointed to the Gorman case out of this circuit as well as to other cases in the 2nd circuit and the 6th circuit that looked at it under de novo standard or purview and held that a range of numbers defined by less than a positive number clearly and unambiguously include zero. So based on the argument you just heard about the fact that holds or operates especially if it's reinforced by incumbent can be seen to presuppose holding or operating or having incumbency in some measure even if it's a small measure. Your response is if someone were to ask Frontier do you hold or operate fewer than 40 plots? Your thinking is the answer has to be yes because I have zero. Whereas do you not at least acknowledge that if somebody said no because I have zero do you not at least acknowledge that that's actually you can understand why they would say that because holder operates kind of seems to assume that you're holding or operating in some measure so that's why it's prefaced by no and then once you explain because I have zero you get to see okay I understand why you said no because you don't have any. I can acknowledge that somebody could answer it that way. Of course the court's role now is to look at what is the single best meaning of the statute. I don't think answering no to the question of do I have fewer than 40 and I have zero is oh no I don't. You hold. You hold or operate fewer than 40? The answer is no I have zero. That seems like a very unnatural answer. No I don't hold or operate any. Yes. I don't think that's the right way to answer that question. I think a much more natural reading would be to say yes I hold or operate fewer than 40. If the question is posed that way and then push up against the fact that slotted dimensions are included in new entrant it can't be there. It has to be something. The only thing that we can be under the plain language is as a limited incumbent. But the way you ask the question it makes there assume that you're operating something as opposed to having zero. So I think that's why there's a little bit of back and forth and for any judge Hillard's example earlier you can have fewer than two drinks. A person hearing that will feel like you're making an assumption that they had a drink and they're trying to get from under that they don't want the police officer to think they had any. So they would say no I had no drink. Completely understand. I'm careful making assumptions with what Congress is trying to think. The plain language is the best indication of what it's trying to think. Then we go back to the point that slot exemptions through negative implication and through the express statement that this exclusion only applies to such sections. The limited incumbent definition of the regulation to other regulations that are relevant here. It's only excluded from limited incumbent. Therefore it's included in the new entrant. And so making that assumption as you just did that would mean the frontier is not a limited incumbent and also not a new entrant. And as we discussed that's not appropriate that offends what the statute is trying to get at that also is totally contrary to how DOT always handles these situations. When DOT determines somebody's eligibility they don't say you're not a limited incumbent. See you later. They say you're not a limited incumbent because you're something else. Well when the question is whether you're eligible for limited slots that are for which only limited incumbent air carriers are eligible it would make sense to just say are you that. It would make sense except look at how DOT treated frontier in this case. Frontier says we are a limited incumbent. We are entitled to these slots. DOT erroneously said you're not a limited incumbent because you're a new entrant. It didn't say you're not a limited incumbent. You are in Never Neverland. Good luck. It said no you have to be something. Again that goes back to what the statute is really trying to get at. We are trying to bring in carriers to add competition, to add options, to add fares. And if we keep pushing carriers outside of categories then it's not accomplishing that. I have a much earlier question I should have asked you before which is if we were to determine that frontier is ineligible to receive slot exemptions as a limited incumbent air carrier would you still have standing to dispute the award of the slot exemptions to Alaska? I don't believe so, Your Honor. I think there's a way to read some of the competitive standing cases in a way that we would but I would at least agree that frontier has not articulated that basis in the briefing. It seems like maybe it did that below and I was a little surprised by that. In the motion for an emergency stay of the department's order I think this was in the district court you provided an affidavit from Joshua Flyer stating that Alaska's proposed flight to San Diego would cost you half a million dollars in lost revenue but you don't rely on that here? I mean I think you're right, Your Honor. I think the main point that we lead with is the court has to address our eligibility first. If you find that we're eligible nobody questions that we have standing to dispute their eligibility. I think that there absolutely is a way to read the record that emergency motion came actually in this court but it relied on a lot that was discussed in the agency proceeding but I think you're absolutely right and under the whether it's disappointed bitter standing cases, whether it's competitor standing cases you can say yes when you are competing against somebody in the exact same sandbox for the exact same scarce resources a reading of a statute or regulation that expands how your competitor is able to compete, you do have standing to challenge that. But if you're not eligible to be in the sandbox to begin with and it's about competition between other people then you're saying you don't have the same stake. That's right. That's exactly right. That's how the competitor standing cases come out and that's why I think our main argument is that we're eligible. You certainly have standing. Precisely. Happy to answer any questions on Alaska's co-chair provision if the court wants to talk about it but I just think briefly that provision couldn't be clearer. They undisputedly have a co-chair. It undisputedly exceeds the 20 slot and slot exemption cap. They have 522 together that facially renders them ineligible for the slot exemptions as a limited incumbent. So if there are no further questions for all the reasons stated here and in our briefs we ask that the court grant allocate the slot exemptions to Frontier who is the only carrier who is eligible. Thank you. Thank you counsel. Thank you to all counsel. We'll take this case under submission.
judges: Srinivasan; Pillard; Childs